ATTORNEY CODE#: 13016:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TRINITY T. HARDY, a Minor, by and
through her Parent and Next Friend, ANITA
J. HARDY, and ANITA J. HARDY,
Individually,

    *Plaintiffs,*

    v.

UNITED STATES OF AMERICA,
KALPANA SINGH, M.D., and MOUNT SINAI
HOSPITAL MEDICAL CENTER OF
CHICAGO,

    *Defendants.*

No.:

*Section 2-622 Affidavit &*
*Report Attached*

*Jury Demanded*

## *COMPLAINT AT LAW*

NOW COME the Plaintiffs, TRINITY T. HARDY, a Minor, by and through her Parent and Next Friend, ANITA J. HARDY, and ANITA J. HARDY, Individually, by and through their attorneys, JOHN C. WUNSCH, P.C., and complaining against the Defendants, UNITED STATES OF AMERICA, KALPANA SINGH, M.D., and MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, LLC., and each of them, and state as follows:

### COUNT I
**NEGLIGENCE/SINGH**

For Complaint against the Defendants, UNITED STATES OF AMERICA, and KALPANA SINGH, M.D., the Plaintiff, TRINITY T. HARDY, a Minor, by and through her Parent and Next Friend, ANITA J. HARDY, states as follows:

1. That on July 3, 2010, and at all times relevant hereto, the Defendant, KALPANA SINGH,

M.D., was, and is, an Illinois physician, duly licensed to practice medicine and obstetrics in the City of Chicago, County of Cook, State of Illinois.

2. That on July 3, 2010, the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, owned, operated, managed, maintained, and controlled a certain hospital or hospitals commonly known as MOUNT SINAI HOSPITAL, located at or near California Avenue at 15th Street, Chicago, Illinois, 60608.

3. That on July 3, 2010, and at all times relevant hereto, the Defendant, KALPANA SINGH, M.D., was, and is, an agent and/or employee, and/or apparent agent, of the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO and/or the Defendant, UNITED STATES OF AMERICA.

4. That on or about July 3, 2010, the Plaintiff, ANITA J. HARDY, was admitted to the Defendant Hospital, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, for delivery of her daughter, the Minor Plaintiff, TRINITY T. HARDY, with whom she was pregnant, and then and there came under the care and treatment of the Defendant, KALPANA SINGH, M.D. who then and there provided medical and obstetrical services to the Plaintiffs.

5. That on, prior, and after July 3, 2010, and at all times relevant hereto, it then and there became the duty of the Defendant, KALPANA SINGH, M.D. to possess and apply the knowledge and use the skill and care ordinarily used by a reasonably well-qualified obstetrician practicing in the Chicago Metropolitan Area.

6. That in violation of her aforesaid duty, the Defendant, KALPANA SINGH, M.D., was then and there guilty of one or more of the following negligent acts or omissions of duty:

> (a) Negligently and carelessly utilized greater than gentle lateral traction that was negligently and carelessly applied to the head and neck of the infant, thus causing the infant to suffer permanent neurological injury and damage to her brachial plexus nerves, resulting in a permanent disabling condition commonly known as Erb's Palsy;

(b) Negligently and carelessly failed to timely carry out proper alternative maneuvers in the face of a shoulder dystocia;

(c) Negligently and carelessly failed to exercise reasonable care during the delivery of the child particularly with regard to the maneuvers used to free the child's shoulder after a shoulder dystocia had been encountered, thus causing the child to suffer permanent neurological injury to his brachial plexus nerves;

(d) Negligently and carelessly failed to perform McRobert's maneuver and/or Woods maneuver when such was indicated and required;

(e) Negligently and carelessly failed to take reasonable and cautionary measures to prevent greater than gentle lateral traction from being applied to the infant when such greater than gentle lateral traction could have been prevented and avoided in the exercise of ordinary care;

(f) Negligently and carelessly failed to utilize safe, appropriate, and proper obstetrical technique during the maneuvers used to free the child's shoulder;

(g) Negligently and carelessly failed to carry out and follow hospital protocol and procedure with regard to the obstetrical management of patients in similar circumstances such as those involved during the labor and delivery of the infant Plaintiff;

(h) Negligently and carelessly failed to monitor the patient;

(i) Negligently and carelessly failed to properly diagnose, treat, and manage the patient;

(j) Negligently and carelessly otherwise deviated from the standard of care by exerting and/or causing to have exerted on the infant child greater than gentle lateral traction during the child's delivery, thus causing the child to sustain permanent neurological damage to his brachial plexus nerves, resulting in the child suffering the permanent disabling condition known as Erb's Palsy.

7. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of duty on the part of the Defendant, the minor Plaintiff was then and there caused to suffer the severe, permanent, and irreversible injuries as hereinafter described.

8. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of duty, the minor Plaintiff has suffered, and will in the future suffer, severe and permanent injuries as follows:

(a) <u>Nature and Extent of Injuries, Past, Present and Future</u>.

<u>Physical Injuries, Past, Present and Future</u>. That the minor Plaintiff then and there sustained severe, permanent and irreversible injuries; that she suffered a permanent neurological impairment to her brachial plexus nerves commonly known as Erb's Palsy; that she suffered as well other serious, permanent and irreversible injuries; that she has been otherwise damaged in a personal and pecuniary manner; that she is now permanently disabled and handicapped; all to her damage.

(b) <u>Medical Bills, Past, Present and Future</u>. That the minor Plaintiff has undergone and will in the future undergo extensive and ongoing medical care, surgeries, hospitalizations, rehabilitations, and treatments, for which medical expenses and bills have been, and will in the future be, incurred and the Plaintiff brings this action to recover for these bills and expenses, past, present, and future.

(c) <u>Pain and Suffering, Past, Present, and Future</u>. That the minor Plaintiff has suffered, and will in the future suffer, severe, permanent and excruciating pain and suffering both of body and mind.

(d) <u>Disability/Loss of Normal Life, Past, Present and Future</u>. That the minor Plaintiff has been, and will in the future be, severely, permanently, and irreversibly disabled and that she suffered, and will in the future suffer, the permanent loss of her normal life.

(e) <u>Disfigurement, Past, Present and Future</u>. That the minor Plaintiff has been, and will in the future be, severely, permanently and irreversibly disfigured.

(f) <u>Lost Income, Past, Present and Future</u>. That the minor Plaintiff has suffered, and will in the future suffer, a substantial and ongoing loss of income and that the Plaintiffs bring this claim to recover for this loss of income, past, present, and future.

(g) <u>Diminished Capacity to Earn Income</u>. That the minor Plaintiff has suffered, and will in the future suffer, a capacity to earn income that has been permanently diminished and/or destroyed.

(h) <u>Risk of Injury</u>. That the Minor Plaintiff is now at risk for future injury and complication.

(i) <u>Past, Present and Future Miscellaneous Expenses</u>. That the minor Plaintiff has incurred, and will incur in the future, expenses for rehabilitative and therapeutic care and that she has incurred, and will in the future incur, expenses for other devices, instruments, and/or implements; that she has incurred, and will in the future incur, expenses for drugs, pain killers, and other pharmaceuticals; and that she has incurred, and will in the future incur, expenses for other necessities she requires as a result of her injuries and that the Plaintiffs bring this claim to recover for these expenses, past, present, and future.

(j) That the minor Plaintiff has been otherwise damaged in a personal and pecuniary manner; all to her damage.

9. That this action arises pursuant to the common law of Illinois and/or the Federal Tort Claims Act and this action is timely filed having been filed within six (6) months of the denial of Plaintiff's Administrative Claim on January 8, 2014 by the US Department of Health and Human Services.

WHEREFORE, the Plaintiff, TRINITY T. HARDY, a Minor, by and through her Parent and next Friend, ANITA J. HARDY, pray for judgment against the Defendant, UNITED STATES OF AMERICA, KALPANA SINGH, M.D., and each of them, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

*Plaintiff Demands Trial by Jury*

## COUNT II

### *FAMILY EXPENSE ACT/SINGH*

For complaint against the Defendants, UNITED STATES OF AMERICA, KALPANA SINGH, M.D., the Plaintiff, ANITA J. HARDY, Individually, state as follows:

1-9. That the Plaintiffs herein adopt and reallege Paragraphs 1 through 9, inclusive, of Count I, as and for Paragraphs 1 through 9, inclusive, of Count II, as though fully set forth herein, and

incorporates the same by reference.

10. That as a direct and proximate result of one or more of the foregoing, the Minor Plaintiff has incurred and will in the future incur substantial and ongoing medical expenses, and the Plaintiff brings this action to recover the same pursuant to the Illinois Family Expense Act.

WHEREFORE, the Plaintiffs, ANITA J. HARDY, Individually, pray for judgment against the Defendant, UNITED STATES OF AMERICA, KALPANA SINGH, M.D., in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

*Plaintiff Demands Trial by Jury*

## COUNT III

### *NEGLIGENCE/MOUNT SINAI*

For Complaint against the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, the Plaintiffs, TRINITY T. HARDY, a Minor, by and through her Parent and Next Friend, ANITA J. HARDY, states as follows:

1. That on, prior, and after July 3, 2010, the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, owned, operated, managed, maintained, and controlled a certain hospital or hospitals commonly known as MOUNT SINAI HOSPITAL, located at or near California Avenue at 15th Street, Chicago, Illinois, 60608.

2. That on July 3, 2010, and at all times relevant hereto, the Defendant, KALPANA SINGH, M.D., was, and is, an agent and/or employee, and/or apparent agent, of the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO.

3. That on or about July 3, 2010, the Plaintiff, ANITA J. HARDY, was admitted to the Defendant Hospital, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, for delivery of her daughter, the Minor Plaintiff, TRINITY T. HARDY, with whom she was pregnant, and then

and there came under the care and treatment of the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, by and through its agents and employees, who then and there provided medical and obstetrical services to the Plaintiffs.

4. That on, prior, and after July 3, 2010, and at all times relevant hereto, it then and there became the duty of the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, by and through its agents and/or apparent agents, to exercise the standard of proper care which guides institutions holding themselves out as devoted to the care and saving of human life within the medical community; to establish and implement proper protocols and procedures; to render nursing care that complies with the standard of reasonable care of nurses in the Chicago Metropolitan Area; to exercise reasonable care by and through its employed physicians, whether attending, resident, or otherwise; to exercise reasonable care in the oversight and supervision of physicians granted privileges at its aforesaid Hospital; to exercise reasonable care by and through its apparent agent physicians; to comply with all state, local, and federal regulations; and to otherwise exercise reasonable care in the ownership, control, operation, management, and maintenance of its aforesaid Hospital.

5. That in violation of its aforesaid duty, the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, was then and there guilty of one or more of the following negligent acts or omissions of duty :

> (a) Negligently and carelessly utilized greater than gentle lateral traction that was negligently and carelessly applied to the head and neck of the infant, thus causing the infant to suffer permanent neurological injury and damage to her brachial plexus nerves, resulting in a permanent disabling condition commonly known as Erb's Palsy;
>
> (b) Negligently and carelessly failed to timely carry out proper alternative maneuvers in the face of a shoulder dystocia;
>
> (c.) Negligently and carelessly failed to exercise reasonable care during the delivery of the child particularly with regard to the maneuvers used to free the child's shoulder after a shoulder dystocia had been encountered, thus causing the child to suffer permanent neurological injury to his brachial plexus nerves;

(d) Negligently and carelessly failed to perform McRobert's maneuver and/or Woods maneuver when such was indicated and required;

(e) Negligently and carelessly failed to take reasonable and cautionary measures to prevent greater than gentle lateral traction from being applied to the infant when such greater than gentle lateral traction could have been prevented and avoided in the exercise of ordinary care;

(f) Negligently and carelessly failed to utilize safe, appropriate, and proper obstetrical technique during the maneuvers used to free the child's shoulder;

(g) Negligently and carelessly failed to carry out and follow hospital protocol and procedure with regard to the obstetrical management of patients in similar circumstances such as those involved during the labor and delivery of the infant Plaintiff;

(h) Negligently and carelessly failed to monitor the patient;

(i) Negligently and carelessly failed to properly diagnose, treat, and manage the patient;

(j) Negligently and carelessly otherwise deviated from the standard of care by exerting and/or causing to have exerted on the infant child greater than gentle lateral traction during the child's delivery, thus causing the child to sustain permanent neurological damage to his brachial plexus nerves, resulting in the child suffering the permanent disabling condition known as Erb's Palsy.

COUNT III. Part I. *Actual Agency.*

6. *Actual Agency.* That the Defendant, KALPANA SINGH, M.D., was at all times relevant hereto an actual agent and employee of the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, and was at all times relevant hereto acting within the course and scope of her employment for the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO.

7. That the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, by and through its actual agent, KALPANA SINGH, M.D., had the duties as described hereinabove in Ct. I, Paragraph 5, and was negligent as hereinabove described, through the acts or omissions of this actual agent, in Ct. I, Paragraph 6, Sub-Paragraphs (a) through (j).

COUNT III. Part II. *Apparent Agency.*

8. *Apparent Agency*. That the Defendant, KALPANA SINGH, M.D., was at all times relevant hereto apparent agent of the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, and was all times relevant hereto acting within the course and scope of her apparent agency for the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, based upon the fact that the Hospital and/or its agents acted in a manner that would lead a reasonable person to conclude that the Defendant was an employee or agent of the Hospital; that the acts of these Defendants created the appearance of authority which appearance the Hospital had knowledge of and acquiesced in them; and that the Plaintiffs acted in reliance upon the conduct of the Hospital, or its agents, consistent with ordinary care and prudence.

9. That the Defendant, by and through its apparent agent, KALPANA SINGH, M.D., had the duties as described hereinabove in Ct. I, Paragraph 5 and were negligent as hereinabove described, through the acts or omissions of this apparent agent, in Ct. I, Paragraph 6, Sub-Paragraphs (a) through (j).

10. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of duty on the part of the Defendant, the minor Plaintiff was then and there caused to suffer the severe, permanent, and irreversible injuries as hereinafter described.

11. That as a direct and proximate result of one or more of the aforesaid negligent acts or omissions of duty, the minor Plaintiff has suffered, and will in the future suffer, severe and permanent injuries as follows:

(a) <u>Nature and Extent of Injuries, Past, Present and Future</u>.

<u>Physical Injuries, Past, Present and Future</u>. That the minor Plaintiff then and there sustained severe, permanent and irreversible injuries; that she suffered a permanent neurological impairment to her brachial plexus nerves commonly known as Erb's Palsy; that she suffered as well other serious,

permanent and irreversible injuries; that she has been otherwise damaged in a personal and pecuniary manner; that she is now permanently disabled and handicapped; all to her damage.

(b) <u>Medical Bills, Past, Present and Future</u>. That the minor Plaintiff has undergone and will in the future undergo extensive and ongoing medical care, surgeries, hospitalizations, rehabilitations, and treatments, for which medical expenses and bills have been, and will in the future be, incurred and the Plaintiff brings this action to recover for these bills and expenses, past, present, and future.

(c) <u>Pain and Suffering, Past, Present, and Future</u>. That the minor Plaintiff has suffered, and will in the future suffer, severe, permanent and excruciating pain and suffering both of body and mind.

(d) <u>Disability/Loss of Normal Life, Past, Present and Future</u>. That the minor Plaintiff has been, and will in the future be, severely, permanently, and irreversibly disabled and that she suffered, and will in the future suffer, the permanent loss of her normal life.

(e) <u>Disfigurement, Past, Present and Future</u>. That the minor Plaintiff has been, and will in the future be, severely, permanently and irreversibly disfigured.

(f) <u>Lost Income, Past, Present and Future</u>. That the minor Plaintiff has suffered, and will in the future suffer, a substantial and ongoing loss of income and that the Plaintiffs bring this claim to recover for this loss of income, past, present, and future.

(g) <u>Diminished Capacity to Earn Income</u>. That the minor Plaintiff has suffered, and will in the future suffer, a capacity to earn income that has been permanently diminished and/or destroyed.

(h) <u>Risk of Injury</u>. That the Minor Plaintiff is now at risk for future injury and complication.

(i) <u>Past, Present and Future Miscellaneous Expenses</u>. That the minor Plaintiff has incurred, and will incur in the future, expenses for rehabilitative and therapeutic care and that she has incurred, and will in the future incur, expenses for other devices, instruments, and/or implements; that she has incurred, and will in the future incur, expenses for drugs, pain killers, and other pharmaceuticals; and

that she has incurred, and will in the future incur, expenses for other necessities she requires as a result of her injuries and that the Plaintiffs bring this claim to recover for these expenses, past, present, and future.

(j) That the minor Plaintiff has been otherwise damaged in a personal and pecuniary manner; all to her damage.

WHEREFORE, the Plaintiff, TRINITY T. HARDY, a Minor, by and through his Parent and next Friend, ANITA J. HARDY, pray for judgment against the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

*Plaintiff Demands Trial by Jury*

## COUNT IV

### FAMILY EXPENSE ACT/MOUNT SINAI

For complaint against the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, the Plaintiff, ANITA J. HARDY, Individually, state as follows:

1-11. That the Plaintiffs herein adopt and reallege Paragraphs 1 through 11, inclusive, of Count III, as and for Paragraphs 1 through 11, inclusive, of Count IV, as though fully set forth herein, and incorporates the same by reference.

12. That as a direct and proximate result of one or more of the foregoing, the Minor Plaintiff has incurred and will in the future incur substantial and ongoing medical expenses, and the Plaintiff brings this action to recover the same pursuant to the Illinois Family Expense Act.

WHEREFORE, the Plaintiff, ANITA J. HARDY, Individually, pray for judgment against the Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, in a sum in excess of FIFTY THOUSAND DOLLARS ($50,000.00).

*Plaintiff Demands Trial by Jury*

_____
Law Offices
**JOHN C. WUNSCH, P.C.**
Attorneys for the Plaintiffs

Law Offices
**JOHN C. WUNSCH, P.C.**
77 West Washington Street
Suite 1420
Chicago, Illinois 60602

**P: (312) 977-9900**
F: (312) 236–2573
E: info@wunschlaw.com

Attorney No. 13016

ATTORNEY CODE#: 13016:

## IN THE CIRCUIT COURT OF COOK COUNTY
## COUNTY DEPARTMENT, LAW DIVISION

TRINITY T. HARDY, a Minor, by and through her Parent and Next Friend, ANITA J. HARDY, and ANITA J. HARDY, Individually,

Plaintiffs,

v.

KALPANA SINGH, M.D., and MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO,

Defendants.

No.:

Section 2-622 Affidavit & Report Attached

Jury Demanded

## *AFFIDAVIT*

I, JOHN C. WUNSCH, after being duly sworn under oath, deposes and states as follows:

1. That I the attorney of record in the above entitled cause.

2. That I have consulted with a physician licensed to practice medicine and obstetrics in all its branches, who is Board Certified in Obstetrics and Gynecology, who I reasonably believe is knowledgeable in the relevant issues involved in the particular action; is practicing and has practiced within the last 6 years in the same area of health care and medicine that is at issue in the particular action; and that is qualified by experience and demonstrated competence in the subject of the case, and this physician has determined in a written report, after a review of the medical records and other relevant material involved in this particular action that there is a reasonable and meritorious cause for the filing of such action; and that I have concluded on the basis of the reviewing health professional's review and consultation that there is a reasonable and meritorious cause for filing of such action.

3. That this physician has determined, after a review of the available medical records of the Minor, TRINITY HARDY, and her Mother that a reasonable and meritorious cause exists for the filing of a malpractice action against the Defendants, KALPANA SINGH, M.D., and MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, and each of them, for their failure to timely carry out proper alternative maneuvers in the face of a shoulder dystocia and for their negligently applying greater than gentle lateral traction to the head and neck of the infant, thus causing the Minor to suffer serious and permanent injuries.

4. That I have concluded based upon this consultation that there is a reasonable and meritorious cause for the filing of a malpractice action against the Defendants, KALPANA SINGH, M.D., and MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, and each of them, for their failure to timely carry out proper alternative maneuvers in the face of a shoulder dystocia and for their negligently applying greater than gentle lateral traction to the head and neck of the infant, thus causing the Minor to suffer serious and permanent injuries.

5. That I have attached a copy of the written report and a copy of the reviewing doctor's CV.
FURTHER AFFIANT SAYETH NOT.

JOHN C. WUNSCH

SUBSCRIBED AND SWORN TO BEFORE before me this 3rd day of August, 2012. Cassandra M. Rod

"OFFICIAL SEAL"
CASSANDRA M. RODRIGUEZ
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 04/23/2013

## 2-622 Physician's Report and Certificate of Medical Malpractice

Identity of Reviewing Physician:

Dr. Jeffrey L. Soffer, M.D.
Westfield, NJ

I am licensed to practice medicine/obstetrics in all of its branches in the State of New Jersey and I am board certified in Ob/Gyn (CV attached). I devote at least 75% of my professional time to the active practice of medicine and obstetrics and I have familiarity with the standard of care in the State of Illinois on the matters at issue herein. I am qualified by experience, education and training with the standard of care, methods, procedures and treatments relevant to the allegations at issue in this case, and I have practiced medicine/obstetrics within the past five years. I have read the materials supplied to me regarding this case: the materials consisting of the labor and delivery records at the Mount Sinai Hospital, in Chicago, Illinois for the delivery of Trinity T. Hardy in July of 2010. Based on the information contained in the aforementioned materials, I hold the opinion to a reasonable degree of medical certainty that the defendants, KALPANA SINGH, M.D, and MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, and each of them, deviated from the applicable standard of care in this matter by failing to timely carry out proper alternative maneuvers in the face of a shoulder dystocia including but not limited to McRobert's maneuver and Woods maneuver, and by applying greater than gentle lateral traction to the head and neck of the infant which deviations from the standard of care caused this child to sustain permanent brachial plexus injuries which injuries could have been avoided and prevented had these deviations from the standard of care not occurred.

These above-listed acts and omissions give rise to a reasonable and meritorious case in medical malpractice against the above listed defendants, and each of them. I specifically reserve the right to supplement my opinions in this case as additional information becomes available.

_____  8/3/12
Jeffrey L. Soffer, M.D.   Dated

# CURRICULUM VITAE

March 20, 2009

## JEFFREY L. SOFFER, M.D.

| | |
|---|---|
| Home Address: | 5 Priar Lane<br>Watchung, NJ 07069<br>908-755-0840 |
| Office Address: | 522 East Broad Street<br>Westfield, NJ 07090<br>908-232-4449 |
| Date of Birth: | December 20, 1947 |
| Place of Birth: | Brooklyn, NY |
| Marital Status: | Married 1970, Wife: Sheryl<br>Children: Robert Jason, age 33<br>Michael Eric, age 30<br>David Lee, age 30 |
| Education: | B.S. Brooklyn College, 1965-1969<br>M.D. Howard University College of Medicine, 1971-1975 |
| Postgraduate Training: | 1975-1976, Intern in Obstetrics/Gynecology and Medicine<br>Hospital of the University of Pennsylvania;<br>Philadelphia, PA<br><br>1976-1979, Resident in Obstetrics/Gynecology<br>Hospital of the University of Pennsylvania<br>Philadelphia, PA |
| Licensure: | New Jersey, # 33527 |

### Membership in Honorary Societies:

1974 Alpha Omega Alpha Medical Honor Society

1983 Board Certified in Obstetrics/Gynecology

## Membership in Professional Societies:

Fellow of the American College of Obstetricians and Gynecologists

Diplomate of the American Board of Obstetrics/Gynecology

American Medical Society

Union County Medical Society

Phi Delta Epsilon Medical Fraternity

## Hospital Affiliations:

Attending Physician, Department of Obstetrics and Gynecology, Overlook Hospital; Summit, NJ

Assistant Chief, Department of Obstetrics and Gynecology, Overlook Hospital
1990-1992

Chief, Department of Obstetrics and Gynecology, Overlook Hospital
1992-1994

ATTORNEY CODE#: 13016:

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| TRINITY T. HARDY, a Minor, by and through her Parent and Next Friend, ANITA J. HARDY, and ANITA J. HARDY, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>KALPANA SINGH, M.D., and MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO,<br><br>Defendants. | No.:<br><br>*Section 2-622 Affidavit & Report Attached*<br><br>*Jury Demanded* |

## AFFIDAVIT

NOW COMES the Affiant, John C. Wunsch, and under oath states:

1. That Affiant is testifying to matters of Affiant's own personal knowledge and is competent to testify to the same if called upon to do so.

2. That Affiant is the duly authorized agent of Plaintiff for purposes of making this Affidavit.

3. That Affiant hereby states that the damages sought in this case do exceed the sum of FIFTY THOUSAND DOLLARS ($50,000.00).

_____
JOHN C. WUNSCH

SUBSCRIBED AND SWORN
to before me this 3rd day of August, 2012.

_____ NOTARY PUBLIC

"OFFICIAL SEAL"
CASSANDRA M. RODRIGUEZ
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 04/23/2013